UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamil Joshua Eason,   File No. 22-cv-1331 (ECT/DJF)

      Petitioner,

v.   **ORDER ACCEPTING REPORT AND RECOMMENDATION**

Commissioner Paul Schnell,

      Respondent.

Petitioner Jamil Joshua Eason commenced this action by filing a petition for a writ of habeas corpus. ECF No. 1. The case is before the Court on a Report and Recommendation [ECF No. 16] issued by Magistrate Judge Dulce J. Foster. Magistrate Judge Foster recommends denying Eason's petition. R. & R. at 15. Mr. Eason filed objections to the Report and Recommendation. ECF No. 17. Because Mr. Eason has objected the Court is required to review the Report and Recommendation *de novo* pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

The Court has undertaken that *de novo* review and concludes that Magistrate Judge Foster's analysis and conclusions are correct. Mr. Eason's objections warrant additional comment in one particular respect. Magistrate Judge Foster concluded that a reasonable interpretation of *Missouri v. Frye*'s "admonition against allowing an offer to expire 'without advising the defendant' is that defense counsel must 'advise' the defendant of the existence of the plea offer and its terms—the core question at issue in that case." R. & R. at 10 (citing *Missouri v. Frye*, 566 U.S. 134 (2012)). In doing so, Magistrate Judge Foster

cited one definition of "advise" from the Merriam-Webster Dictionary. *Id.* (citing *Advise, Merriam-Webster*, https://www.merriam-webster.com/dictionary/advise (providing as one definition of "advise": "to give information or notice to") (accessed on June 7, 2023)). In his objections, Mr. Eason quotes a different Merriam-Webster definition of "advise": "to give (someone) a recommendation about what should be done." ECF No. 17 at 10. He argues that Magistrate Judge Foster ignored this second definition. I understand Magistrate Judge Foster's citation to the first definition to be illustrative of the Minnesota Supreme Court's interpretation of *Frye*. *See Eason v. State*, 950 N.W.2d 258, 267–71 (Minn. 2020). In other words, that another definition exists does not answer whether the Minnesota Supreme Court's decision is contrary to or an unreasonable application of *Strickland* or *Frye*. As the Minnesota Supreme Court explained:

> The record here shows that Eason's counsel thoroughly discussed the implications and consequences of the original plea offer with Eason. The final offer for a fixed number of months under the same terms as the State's initial offer—made in Eason's presence—contained no nuance to further explain. This offer came after Eason had already rejected a more favorable plea bargain with that same number as the high range, and had asked his counsel to negotiate a range with a lower bottom number. As defense counsel testified at the postconviction hearing, "You know, he—we rejected the 420 to 480, maybe we thought that he would reject the 480 and without discussion."
>
> Under these circumstances, where Eason knew of both plea offers, was thoroughly counseled about the first offer and rejected it, and defense counsel continued to zealously advocate for him to receive that potentially better offer, the district court correctly concluded that Eason failed to meet his burden of showing that his attorneys' conduct fell below an objective standard of reasonableness.

*Id.* at 270–71.  On different facts, more might be required to meet *Strickland* and *Frye*.  The Minnesota Supreme Court's understanding and application of *Strickland* and *Frye* to this case's facts was neither contrary to these cases nor unreasonable in some respect.

Therefore, based on all the files, records, and proceedings in the above-captioned matters, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 17] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 16] is **ACCEPTED** in full;

3. Petitioner Jamil Joshua Eason's Petition for a Writ of Habeas Corpus [ECF No. 1] is **DENIED**;

4. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 9, 2024      s/ Eric C. Tostrud
                             Eric C. Tostrud
                             United States District Court